J. H. V. WILLETTS, Appellant, v. IDA COUNTY SAVINGS BANK *et al.*

**Breach of Contract to Clear Encumbrance:** FAILURE TO AWARD NOMINAL DAMAGES: *Review on appeal.*   In action against a bank, plaintiff claimed that the bank, having a second mortgage on his property, agreed to release the incumbrance to permit plaintiff to sell or exchange the property; that he had an opportunity to dispose of the property, but the bank would not do as agreed.   *Held* that, on appeal, there being no satisfactory evidence as to the value of the property, failure to award nominal damages was not ground for reversal.

**Pleading:** FAILURE TO DENY AMENDMENT: *When not admission.* Where, in an action against a bank for an accounting, an amendment to the petition setting up several claimed credits was filed after the testimony was in, merely to correct a variance between the proof and petition, it was proper not to regard a failure to respond to the amendment as an admission.

*Appeal from Ida District Court.*—HON. Z. A. CHURCH, Judge.

SATURDAY, MAY 31, 1902.

ACTION in equity for an accounting and for damages. From a decree in defendants' favor, plaintiff appeals.— *Affirmed.*

*W. H. Stiles* and *C. W. Rollins* for appellant.

*Will E. Johnston* for appellees.

WATERMAN, J.—The petition is in two counts.  As stated, one branch of the case seeks an accounting.  Plaintiff and defendant bank had a number of business transactions together, and it is averred the bank did not give proper credits.  The questions so raised are of fact, and the claims many and involved.  We deem it sufficient to say that a careful reading of the record convinces us that plaintiff made no case on this score.

II.   Damages are claimed upon the following accounts: Plaintiff owned real estate in the town of Ida Grove, and also in Decatur county, upon which he had given defendant bank mortgages to secure an indebtedness he owed it, and which in each case was a second lien.   It is charged that the bank agreed to release said liens at any time in order to permit plaintiff to make a sale or exchange of either property; that he had opportunities to dispose of the real estate, and offered the bank security upon the property he was to get, and asked a release of the bank's liens, which was necessary to be had in order to effect the transfer, but that the bank refused to give a release.   So far as the Ida Grove property is concerned, there is no satisfactory evidence of the value of the property which was offered in exchange for it, and therefore no showing of more than nominal damages.   We do not reverse for failure to allow nominal damages.   *Schwartz v. Davis,* 90 Iowa, 324.   As to the Decatur county land, it clearly appears that the offer made for it was upon condition that it was as represented by plaintiff.   Inasmuch as plaintiff has greatly misrepresented it in this case, and magnified its value, though perhaps not intentionally, for he claims only a hearsay knowledge of its character, we may well assume that it would not have come up to the

standard required by the proposed purchaser, and that no sale could have been made to him. The Decatur county land was sold to satisfy the first incumbrance thereon, and plaintiff claims the bank agreed to redeem therefrom for his benefit. It is only necessary to say that this agreement was to redeem if, upon investigation, the bank was satisfied there was a substantial margin over the amount to be paid; and there is no doubt but it concluded, and properly, after examination, that there was no surplus in the land, and redemption would be profitless.

One other matter remains, which we think is disposed of by what we have said as to the accounting, but because it is pleaded as matter of damages we make special mention of it. As additional security for his indebtedness, plaintiff gave the bank a bill of sale of a stock of merchandise. The bank took possession thereof, and sold the same, and damages are claimed for this alleged conversion. Under the bill of sale the bank had a right to take possession and dispose of the stock. We do not find the goods were sacrificed, and, as we have already said, the bank accounted for what it received.

Finally, it is insisted that several claimed credits set up in an amendment to the petition are not denied, and for these items plaintiff should have judgment. This amendment was filed after the testimony was all in. It does not appear that leave of court was had to file it; but, at any rate, it was merely formal, and intended to correct a supposed variance between pleadings and proof. The answer put in issue all of the plaintiff's original claims. The case was tried and submitted on the theory of a controversy as to any indebtedness on the part of the bank. The trial court was right in refusing to recognize the failure to respond to this formal amendment as an admission.—AFFIRMED.